## No. 8076.

### PETER G. RIDDELL VS. ANTHONY VIZARD.

Where a third person owes to a minor a debt secured by mortgage, which is due, he has the absolute right to pay the same to the duly qualified tutor of the minor, and thereby to extinguish the mortgage. And because the tutor has squandered the money, that is no reason why the minor may have recourse upon his former debtor or his assignees.

APPEAL from the Sixth District Court for the Parish of Orleans. *Rightor*, J.

*J. Q. A. Fellows* for Plaintiff and Appellant.

*Breaux & Hall* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. The evidence establishes that, by a judicial partition, the regularity of which is not questioned, the estate of J. L. Riddell, the father of plaintiff, was divided in kind between him and his co-heirs. In the establishment of the lots, the one falling to plaintiff was of less value than the one falling to his brother, Robert B. Riddell, by a sum which required a contribution of $1,601.85 from Robert, in order to equalize them. Both plaintiff and Robert being then minors, the act of partition, under the advice of a family meeting, provided that Robert's share, being immovable, passed to him burdened with a mortgage in favor of plaintiff for the said sum of $1,601.85.

So matters rested until Robert, having been emancipated, desired to sell the property assigned to him, and, for that purpose, to free it from plaintiff's mortgage. With this view he arranged with Mrs. A. E. Riddell, the duly qualified and confirmed natural tutrix of plaintiff, that, in her said capacity, she should release and cancel said mortgage and receive payment thereof out of the purchase price for which the property was about to be sold. This was done. The property was sold to defendant, who received the same free from mortgage, and Mrs. Riddell, tutrix, actually received full payment of the amount due her ward.

The plaintiff, after reaching majority, brought the present suit, claiming that the property in the hands of defendant still remains burdened with his mortgage, which he seeks to enforce.

The suit is utterly without foundation.

Robert B. Riddell had the absolute right to pay the debt which he owed to defendant and to free his property from incumbrance; and his right was equally unquestioned to pay it to the tutrix of defendant, who was the only person to whom it could lawfully be paid.

The authorities quoted by plaintiff's counsel have no application.

.This is not a question of the right of a tutor to transfer negotiable assets of the ward, as in 17 An. 17, or 1 An. 222, or 22 An. 295, or 2 An. 577. Neither is it an attempt of the tutor to sell property specially mortgaged *by himself* to his wards, for the purpose of paying to himself, as tutor, the amount due to them, as in 2 Rob. 417.

- Nor is it a question of the right of the tutor, of his own free will, to change the investments of the minors' funds which have been made under the advice of a family meeting. It is a simple question of the right of a debtor of a minor to pay his debt when due, and to pay it to the tutor.

There exists, and can exist, no doubt about such a matter.

- Judgment affirmed at appellant's cost.